1  EUGENE J. EGAN (State Bar No. 130108)
   PAUL HANNA (State Bar No. 222012)
2  **MANNING & MARDER**
   **KASS, ELLROD, RAMIREZ LLP**
3  801 South Figueroa Street, 15th Floor
   Los Angeles, California 90017
4  Tel.:  (213) 624-6900
   Fax:  (213) 624-6999
5

6  Attorneys for Defendants
   TARGET CORPORATION & TARGET NATIONAL BANK
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  ESTHER DOMINGUEZ                    )  **USDC CASE NO.: CV10-7466 AHM**
                                        )  **(RZx)**
            Plaintiff,                  )
12                                      )  **LASC CASE NO.:** 10C02332
            v.                          )
13                                      )
                                        )  **ANSWER; DEMAND FOR JURY TRIAL**
14  TARGET NATIONAL BANK - C/O          )
    TARGET FINANCIAL SERVICES           )
15                                      )
            Defendants.                 )
16                                      )
                                        )  Complaint Filed:    8/16/10
17  ─────────────────────────────────
18

19  To Plaintiff Esther Dominguez and her attorney Nicholas J. Bontrager, Krohn & Moss,

20  Ltd., Suite 401, 10474 Santa Monica Boulevard, Los Angeles, CA 90025.

21

22                         **General Denial**

23         Defendant Target National Bank (misnamed as "Target National Bank–c/o Target

24  Financial Services"), for its answer to the Complaint (Aug. 3, 2010), denies every

25  allegation except as this pleading admits, qualifies, or otherwise answers.

26         For this pleading's purposes, "Target" means Defendant Target National Bank

27  (misnamed as "Target National Bank–c/o Target Financial Services").

28

**General Defense**

Introduction

1.    *Allegation:* Count I of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788 et seq* (RFDCPA).

*Answer:* Target admits that count I purports to state a claim as mentioned, but denies any liability with respect to the purported claim mentioned in paragraph 1. This paragraph otherwise contains no factual allegation to which a responsive pleading is required.


2.    *Allegation:* Defendant acted through its agents, employees, officers, members. directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

*Answer:* The allegations in paragraph 2 are so vague and ambiguous, in that they do not identify any alleged action nor any time when such an action allegedly occurred, that Target cannot reasonably prepare a response. Target therefore denies the allegations in paragraph 2.


3.    *Allegation:* Defendant is seeking to collect a consumer debt from Plaintiff as defined by Cal. Civ. § 1788.2(f).

*Answer:* Target lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.


4.    *Allegation:* The account in question is a consumer credit transaction as defined by Cal. Civ. § l788.2(e) as Plaintiff has allegedly received property, services or money from the Defendant on an extension of credit and such property, services or money was used primarily for personal, family or household purposes.

**ANSWER; DEMAND FOR JURY TRIAL**

*Answer:* Target denies that the allegations in paragraph 4, and particularly denies that the account itself is a "consumer credit transaction" within the referenced statute's meaning. Target lacks knowledge or information sufficient to form a belief about whether any particular transaction charged to the account was a "consumer credit transaction."

**Jurisdiction and Venue**

5.   *Allegation:* Jurisdiction arises under *Cal. Civ. Pro. § 410.10.*

*Answer:* This action having been removed from the Superior Court of California to the United States District Court for the Central District of California, Target denies the allegations in paragraph 5, but admits that the United States District Court for the Central District of California has jurisdiction over this removed action.

6.   *Allegation:* Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

*Answer:* Target admits the allegations in paragraph 6.

7.   *Allegation:* Venue is proper pursuant to *Cal. Civ. Pro. § 395(a).*

*Answer:* This action having been removed from the Superior Court of California to the United States District Court for the Central District of California, Target denies the allegations in paragraph 7, but admits that venue is proper in the United States District Court for the Central District of California.

8.   *Allegation:* Declaratory relief is available pursuant to *Cal. Civ. Pro. § 1060.*

*Answer:* Target denies the allegations in paragraph 8.

**Parties**

9.   *Allegation:* Plaintiff is a natural person residing in La Puente, Los Angeles County, California.

**ANSWER; DEMAND FOR JURY TRIAL**

1    *Answer:* Target admits that the Plaintiff is a natural person, but otherwise lacks

2    knowledge or information sufficient to form a belief about the truth of the allegations in

3    paragraph 9.

4

5    10. Allegation: Plaintiff is a consumer and, according to Defendant, Plaintiff

6    allegedly owes a debt as that term is defined by *Cal. Civ. Code § 1788.2(h)*.

7    *Answer:* Target lacks knowledge or information sufficient to form a belief about

8    the truth of the allegations in paragraph 10.

9

10   11.  *Allegation:* Defendant is a debt collector as that term is defined by *Cal. Civ.*

11   *Code § 1788.2(c)*.

12   *Answer:* For its answer to the allegations in paragraph 11, Target admits that it is

13   "a debt collector as that term is defined by . . . *Cal. Civ. Code § 1788.2(c)*," but lacks

14   knowledge or information sufficient to form a belief about whether the subject debt was

15   a "consumer debt."

16

17   12.  *Allegation:* Defendant is a national company with its headquarters in

18   Minneapolis, Minnesota.

19   *Answer:* Target denies the allegations in paragraph 12.

20

21                          **Factual Allegations**

22   13.  *Allegation:* Defendant constantly and continuously places collection calls to

23   Plaintiff seeking and demanding payment of an alleged debt.

24   *Answer:* Target denies the allegations in paragraph 13.

25

26   14.  *Allegation:* Defendant places multiple collection calls to Plaintiff daily.

27   *Answer:* Target denies the allegations in paragraph 14.

28

REVISED Answer.wpd                          -4-

**ANSWER; DEMAND FOR JURY TRIAL**

15.   *Allegation:* Defendant places collection calls to Plaintiff from: 612-307-5885.

*Answer:* For its answer to the allegations in paragraph 15, Target admits that it has called the Plaintiff from the numbers alleged.

16.   *Allegation*:   Defendant places collection calls to Plaintiff's work telephone number: 626-602-0350.

*Answer:* Target admits the allegations in paragraph 16.

17.   *Allegation:* Plaintiff informed defendant that she cannot receive calls at work.

*Answer:* Target admits the allegations in paragraph 17 as of August 16, 2010.

18.   *Allegation:* Despite this, Defendant continues to place collection calls to Plaintiff on her work telephone number.

*Answer:* Target denies the allegations in paragraph 18.

**Count I
Defendant Violated the Rosenthal
Fair Debt Collection Practices Act**

19.   *Allegation:* Defendant violated the RFDCPA based on the following:

a.   Defendant violated *§ 1788.11(d)* of the RFDCPA when Defendant placed collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

b.   Defendant violated *§ 1788.11(e)* of the RFDCPA when Defendant placed collection calls to Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances.

c.   Defendant violated *§ 1788.17* of the RFDCPA when Defendant violated the following provisions of the Fair Debt Collection Practices Act (FDCPA), *15 U.S.C. § 1692 et seq.*:

I.    *15 U.S.C. § 1692d* by engaging in conduct of which the natural consequence is the abuse and harassment of the Plaintiff.

ii.    *15 U.S.C. § 1692d(5)* by placing constant and continuous collection calls to Plaintiff with the intent to abuse, harass and annoy Plaintiff.

iii.    *15 U.S.C. § 1692c(a)(1)* of the FDCPA by calling Plaintiff at her place of employment, a place known to be inconvenient to Plaintiff.

iv.    *15 U.S.C. § 1692c(a)(3)* of the FDCPA by calling Plaintiff at her place of employment despite being informed that Plaintiff cannot receive calls at work.

*Answer:* Target denies the allegations in paragraph 19.

20.  *Allegation:* [WHEREFORE, Plaintiff, ESTHER DOMINGUEZ, respectfully requests judgment be entered against Defendant, TARGET NATIONAL BANK, C/O TARGET FINANCIAL SERVICES, for the following:] Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788.30(b)*,

*Answer:* Paragraph 20 consists of a demand for relief, without any factual allegation to which a responsive pleading is required. Target denies that the Plaintiffs are entitled to any relief demanded in paragraph 20.

21.  *Allegation:* Statutory damages of $1,000.00 pursuant to *Cal. Civ. Code § 1788.17* which holds the Defendant subject to the provisions of the FDCPA and further allows Plaintiff to seek recovery under remedies available under *15 U.S.C. § 1692k* of the FDCPA.

*Answer:* Paragraph 21 consists of a demand for relief, without any factual allegation to which a responsive pleading is required. Target denies that the Plaintiffs are entitled to any relief demanded in paragraph 21.

**ANSWER; DEMAND FOR JURY TRIAL**

22**.**   *Allegation:* Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788.30(c)*;

*Answer:* Paragraph 22 consists of a demand for relief, without any factual allegation to which a responsive pleading is required. Target denies that the Plaintiff is entitled to any relief demanded in paragraph 22.

23.   *Allegation:* Any other relief that this Honorable Court deems appropriate.

*Answer:* Paragraph 23 consists of a demand for relief, without any factual allegation to which a responsive pleading is required. Target denies that the Plaintiff is entitled to any relief demanded in paragraph 23.

**Third Defense**

**Target Not a Debt Collector**

24.   Target is not a "debt collector" within the Fair Debt Collection Practices Act's meaning.

25.   Target therefore cannot owe any liability under the Act.

**Fourth Defense**

**Liability Shield**

26.   The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(d), provides that "[a] debt collector shall have no civil liability under this title if, within 15 days either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, the debt collector notifies the debtor of the violation, and makes whatever adjustments or corrections are necessary to cure the violation with respect to the debtor."

27.   Target received written notice of its alleged violation of the Act on September 7, 2010.

**ANSWER; DEMAND FOR JURY TRIAL**

28.     On September 8, 2010, Target's attorney wrote to the Plaintiff's attorney, notified him that Target had learned from the complaint of the alleged violation of the Rosenthal Fair Debt Collection Practices Act, and made the adjustments or corrections necessary to cure any alleged violation with respect to the Plaintiff.

29.     Target made the adjustments or corrections necessary to cure the alleged violation with respect to the Plaintiff within 15 days after the receipt of a written notice of the alleged violation.

30.     Target therefore has no civil liability under the Act.

**Second Defense**
**Statutes of Limitation**

31.     The applicable statutes of limitation or repose wholly or partly bars the Plaintiff's claims.

**Third Defense**
**Compliance**

32.     Target acted reasonably and in full compliance with the law.

33.     No action by Target can support liability to the Plaintiff under her alleged claims.

**Fourth Defense**
**Setoff and Credit**

34.     Target is entitled to a set off and credit for some or all sums due and owing on the subject account.

**Prayer for Relief**

35.     Wherefore Target respectfully prays for a judgment in its favor, for its costs and disbursements herein, and for such other and further relief as may be just and equitable.

**ANSWER; DEMAND FOR JURY TRIAL**

**Demand for Jury Trial**

Target demands a jury trial on all the issues so triable.

Dated:  October 7, 2010          MANNING & MARDER
                                 KASS, ELLROD, RAMIREZ LLP


                          By: _____/s/_____
                                 EUGENE J. EGAN
                                 PAUL HANNA
                                 Attorneys for Defendants,
                                 TARGET CORPORATION & TARGET
                                 NATIONAL BANK

Of Counsel:
Brian Melendez *(pro hac vice)*
FAEGRE & BENSON LLP
2200 Wells Fargo Center
Minneapolis, MN  55402

REVISED Answer.wpd

**ANSWER; DEMAND FOR JURY TRIAL**

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On October 7, 2010, I electronically served the document described as **ANSWER; DEMAND FOR JURY TRIAL** on the interested parties in this action by electronically filing this document as required by the court in its Electronic Case Filing (ECF) Program:

Nicholas J. Bontrager, Esq.
Krohn & Moss Ltd
10474 Santa Monica Bl., Suite 401
Los Angeles, CA 90025
P: 323-988-2400; F: 866-802-0021
**Attorney for Plaintiff**
**Esther Dominguez**

☒　　**(BY MAIL)**  I caused such envelope to be deposited in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐　　**(BY OVERNIGHT COURIER)**:   I placed the above-referenced document(s) in (an) envelope(s) designated by the express service carrier (UPS) for overnight delivery, addressed as indicated above.  I delivered said UPS envelope to the personnel of our mail room.  I am "readily familiar" with the firm's practice of collecting and processing documents intended for UPS overnight delivery.  Under that practice, after the document is delivered to the firm's mail room, it is deposited that same day, with delivery fees provided for, in a box or other facility regularly maintained by the express service carrier or is delivered to an authorized courier or driver authorized by the express service carrier to receive documents, for overnight delivery.

☒　　**(FEDERAL)**  I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on October 7, 2010 at Los Angeles, California.

By: _____/s/_____
Brenda Leonardo

## ANSWER; DEMAND FOR JURY TRIAL