1  Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
2  10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
3  T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
4  Attorneys for Plaintiff,
ESTHER DOMINIGUEZ
5

6  EUGENE J. EGAN (State Bar No. 130108)
PAUL HANNA (State Bar No. 213810)
7  **MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
8  801 South Figueroa Street, 15th Floor
Los Angeles, California 90017
9  Tel.:  (213) 624-6900
Fax:  (213) 624-6999
10

11  Attorneys for Defendants
TARGET CORPORATION & TARGET NATIONAL BANK
12

13                      UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

| | |
|---|---|
| ESTHER DOMINGUEZ | **USDC CASE NO.: CV10-7466 AHM (RZx)** |
| Plaintiff, | |
| v. | **LASC CASE NO.:** 10C02332 |
| | **JOINT RULE 26(f) SCHEDULING REPORT** |
| TARGET NATIONAL BANK - C/O TARGET FINANCIAL SERVICES | DATE:          December 13, 2010 |
| Defendants. | TIME:          1:30 p.m. |
| | HONORABLE:  A. Howard Matz |
| | Complaint Filed:    8/16/10 |

22              **PROPOSED JOINT 26(F) SCHEDULING REPORT**

23          Pursuant to Federal Rule of Civil Procedure (FRCP) 16 and 26(f), and Local Rule 26-

24  1, Plaintiff, ESTHER DOMINIGUEZ (Plaintiff), and Defendant, TARGET NATIONAL

25  BANK (Defendant), through their respective counsel, respectfully submit the following

26  Joint Scheduling Conference Report.

27  ///

28  ///

Joint Report.wpd                          -1-

**JOINT RULE 26(f) SCHEDULING REPORT**

**Short Synopsis of Claims and Affirmative Defenses:**

Plaintiff alleges that Defendant is constantly and continuously placed collection calls to Plaintiff seeking to collect upon an alleged debt owed to the Defendant.  Plaintiff alleges that Defendant placed numerous calls a day to Plaintiff on her work telephone and continued to place such calls despite having been informed by Plaintiff that she cannot receive such calls on her work telephone.

Defendant denies Plaintiff's allegations and maintains that no violation of the RFDCPA took place.  Defendant also invokes the liability shield under the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(d)*, which provides that a defendant debt collector "shall have no civil liability under this title [the Rosenthal Act]" if the debt collector makes timely adjustments or corrections to cure the alleged violation.

**A.  Brief Description of Key Legal Issues:**

a.          Whether Defendant violated the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* (FDCPA).

b.          Whether Defendant violated the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. § 1788.30 et seq*.  (RFDCPA).

c.          Whether the Defendant is entitled to the benefit of the liability shield under the Rosenthal Fair Debt Collection Practices Act, *Cal.Civ.Code 1788.30(d)*.

**B.     List of Percipient Witnesses and Key Documents on the Core Issues of the Case:**

a.          Witnesses:

i.          Plaintiff, Esther Dominiguez.

Joint Report.wpd

-2-

**JOINT RULE 26(f) SCHEDULING REPORT**

ii.          Defendant's agents and employees with personal knowledge of

Plaintiff's account and Defendant's collection efforts.

b.          <u>Key Documents:</u>

i.          Plaintiff's Verified Complaint.

ii.          Defendant's account notes pertaining to Plaintiff.

Any documents supporting Plaintiff's allegations such as notes and phone records in the possession of the parties or third parties.

**C.     Realistic Range of Provable Damages:**

Statutory damages of $100 to $2,000 as per *15 USC §1692k(a)(2)(A)* and *Cal. Civ. Code §1788.30(b).*

**D.     Whether There Is Insurance Coverage:**  None.

**E.     Statement of the Likelihood of: Motions Seeking to Add Parties or to File Amended Pleadings; Motions to Transfer Venue:**  At present, neither party anticipates the joinder of additional parties or filing a motion to transfer venue.  However, the parties will seek a determination from this Honorable Court as to whether this matter is has proper federal question jurisdiction.  Though the parties do not contest Federal Jurisdiction, the parties, through counsel, anticipate discussing this issue with the court during the scheduling conference.

**F.     Expert Witnesses Disclosures:**

The parties do not anticipate the need or use of expert witnesses in this action.

**G.     Discussion of the Present State of Discovery:**  Parties anticipate engaging in

written discovery pursuant to *Fed. R. Civ. P*. 26.

**H.     Detailed Discovery Plan:**

a.          Changes in Timing, Form, or Requirement for Disclosures: The Parties

suggest that the scope and limit of the use and methods of discovery be governed by the

Federal Rules of Civil Procedure (FRCP).

b.          The Subjects on Which Discovery May Be Needed, and Whether Discovery

Should Be Conducted in Phases: The Parties agree that discovery should be conducted as

to all claims and defenses set forth in the pleadings.

c.          Discovery Plan:

i.          Plaintiff's Discovery: Plaintiff anticipates propounding written

discovery upon Defendant by way of Requests for Admissions, Interrogatories, and

Requests for Production in an effort to better evaluate all relevant evidence available that

may support the claims alleged in Plaintiff's Complaint as well as any evidence that may

pertain to Defendant's affirmative defenses.  Plaintiff anticipates deposing a

representative of Defendant as per FRCP 30(b)(6) in addition to any named employees or

agents in Defendant's disclosures who may have personal knowledge of Plaintiff's

account in question.

**JOINT RULE 26(f) SCHEDULING REPORT**

ii.          Defendant'sDiscovery: Defendant will serve interrogatories, requests

for production, and requests for admission, and may depose Plaintiff and any other

witnesses identified through discovery or initial disclosures.

iii.          Time for Completion of Discovery: The parties believe that all

written discovery will be completed as of June 30, 2011.

d.          Issues regarding disclosure of electronically stored information

The parties do not anticipate any issues regarding electronically stored data.

e.          Changes or limitations on discovery

None anticipated at this time

f.          26(a) Disclosures

The parties will exchange disclosures as required under FRCP 26(a) on or before

December 13, 2010.

**I.     Proposed Discovery Cut-Off Date:**  The parties propose June 30, 2010, as the

discovery cutoff date.

**J.     Description of Issues to Be Determined by Motion for Summary Judgment or**

**Motions in Limine:**  Defendant may seek summary judgment as to whether the liability

shield under the Rosenthal Fair Debt Collection Practices Act, *Cal.Civ. Code*

*§1788.30(d)*, applies in this case.

**K.     Schedule of Contemplated Law and Motion and Proposed Cut-Off Date for**

**Motions:** The parties propose July 29, 2011, as the motion filing cutoff date.

Joint Report.wpd                                -5-

**JOINT RULE 26(f) SCHEDULING REPORT**

1

**L.     Settlement Discussions:** Parties are actively engaged in settlement discussions.

2

3

The parties are willing to continue to conduct good faith settlement discussions

4

throughout litigation.

5

**M.     Estimate of Time Required for Trial:** Parties believe trial will require 1-3 days.

6

7

Presently, Plaintiff parties anticipate calling 2-3 witnesses each at trial.

8

**N.     Other Issues Affecting the Status or Management of the Case:** None.

9

10

                                        RESPECTFULLY SUBMITTED,

11

12

Dated:  November 29, 2010          KROHN & MOSS, LTD.
                                   KASS, ELLROD, RAMIREZ LLP

13

14

                                   By: _____/s/_____
                                        NICHOLAS J. BONTRAGER

15

                                        Attorney for Plaintiff
                                        ESTHER DOMINIGUEZ

16

17

Dated:  November 29, 2010          MANNING & MARDER

18

                                   KASS, ELLROD, RAMIREZ LLP

19

20

                                   By: _____/s/_____
                                        EUGENE J. EGAN
                                        PAUL HANNA

21

                                        Attorneys for Defendants
                                        TARGET  CORPORATION  &  TARGET

22

                                        NATIONAL BANK

23

24

25

26

27

28

Joint Report.wpd                          -6-

**JOINT RULE 26(f) SCHEDULING REPORT**

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On November 29, 2010, I electronically served the document described as **JOINT RULE 26(f) SCHEDULING REPORT** on the interested parties in this action by electronically filing this document as required by the court in its Electronic Case Filing (ECF) Program:

Nicholas J. Bontrager, Esq.
Krohn & Moss Ltd
10474 Santa Monica Bl., Suite 401
Los Angeles, CA 90025
2001- 34749
P: 323-988-2400; F: 866-802-0021
**Attorney for Plaintiff**
**Esther Dominguez**

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER)**: I placed the above-referenced document(s) in (an) envelope(s) designated by the express service carrier (UPS) for overnight delivery, addressed as indicated above. I delivered said UPS envelope to the personnel of our mail room. I am "readily familiar" with the firm's practice of collecting and processing documents intended for UPS overnight delivery. Under that practice, after the document is delivered to the firm's mail room, it is deposited that same day, with delivery fees provided for, in a box or other facility regularly maintained by the express service carrier or is delivered to an authorized courier or driver authorized by the express service carrier to receive documents, for overnight delivery.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on November 29, 2010 at Los Angeles, California.

By: _____/s/_____
Brenda Leonardo

Joint Report.wpd

-7-

**JOINT RULE 26(f) SCHEDULING REPORT**